IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2014 JUN 17 PM 2: 58

CLERK OF COURT
BY

ASIA TIGER, INC.,                                    )
                                                     )       CIVIL CASE NO. CV0065-13
                    Plaintiff,                       )
                                                     )
         vs.                                         )       DECISION AND ORDER
                                                     )
J&C INTERNATIONAL, LLC, HYUNG SIK )
KWON, ALBERT S. FEJERAN, JR., JERRY )
WHITE and BIG BEN & COMPANY, and )
Doe Defendants 1-V,                                  )
                                                     )
                    Defendants.                      )
                                                     )
                                                     )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Asia Tiger, Inc.'s motion for partial summary judgment, filed January 31, 2014. The motion was taken under advisement on April 7, 2014. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On February 23, 2013, Plaintiff Asia Tiger, Inc. filed a verified amended complaint to assert claims of conversion and constructive trust against Defendants J&C International, LLC (hereinafter "Defendant J&C"), Hyung Sik Kwon, Albert S. Fejeran, Jr., Jerry White, and Big Ben & Company. (Verified Am. Compl., 3-4, Feb. 26, 2014). In essence, Plaintiff alleges that Defendants took Plaintiff's heavy equipment and vehicles (a caterpillar backhoe, a salvageable dump truck, and a dump truck) from Plaintiff's property without Plaintiff's permission and that Defendants sold them without Plaintiff's permission for Defendants' benefit. *Id.* at 3. Plaintiff prays for the following relief: (1) compensatory damages, including the value of the property and costs expended in pursuit of the property; (2) punitive damages in the amount of $500,000.00; (3) a constructive trust for the use and benefit of Plaintiff; and (4) attorney's fees and costs. *Id.* at 4-5.



On April 4, 2013, an Entry of Default was executed against Defendant Fejeran for the failure to timely file an answer to Plaintiff's verified amended complaint. (Entry of Default, 1, Apr. 4, 2013). On April 16, 2013, an Entry of Default was executed against Defendants White and Big Ben & Company for the failure to timely file an answer to Plaintiff's verified amended complaint. (Entry of Default, 1, Apr. 16, 2013).

On January 31, 2014, Plaintiff filed a motion for partial summary judgment regarding the issue of ownership of the two heavy equipment vehicles which are the subject of this litigation. (Mot. Partial Summ. J., 1, Jan. 31, 2014). Plaintiff argues that there are no genuine issues of material fact that it is the sole owner of the dump truck and backhoe when a Certificate of Ownership and Motor Vehicle Registration certificate for the dump truck and backhoe are issued to Plaintiff. *Id.* at 5; (Decl. Marlene Slomka, Exhibits 1-3, Jan. 31, 2014).

On February 28, 2014, Defendant filed an opposition. Defendant asserts that there is a genuine issue of material fact when "there is nothing to establish that the items sued upon, and in the possession of Defendants J&C and Kwon are the caterpillar backhoe, a salvageable dump truck and a dump truck which Plaintiff asserts are the subject matter of this litigation." (Opp'n Mot., 2, Feb. 28, 2014).

On March 14, 2014, Plaintiff filed a reply. Plaintiff argues that summary judgment is warranted when Plaintiff has presented sufficient evidence of ownership as to the dump truck and backhoe in question and when Defendants have not presented any evidence sufficient to create a genuine issue of material fact. (Reply, 1-4, Mar. 14, 2014).

## DISCUSSION

### I. Summary Judgment Standard

Guam R. Civ. P. 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v.*



*Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotations omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

## II.      Ownership of a Vehicle

Under Guam law, "[u]pon registering a vehicle, the Department of Revenue and Taxation shall issue a certificate of ownership to the legal owner and a registration card to the owner, or both to the owner if there is no legal owner of the vehicle." 16 GCA § 7115 (2013).

The Ninth Circuit has defined an owner under the Guam vehicle code as either:

> a person with all rights in the automobile, in which case he holds both the registration card and the certificate of ownership, or someone who has some rights, including use, but whose interest is subject to a defined interest held by another, in which case only the registration card is in his name and possession, the certificate of ownership being in the name and possession of the other, who is called the 'legal owner.'

*Look v. Mobley*, 323 F.2d 214, 216 (9th Cir. 1963).

In this case, on or about August 2012, Defendant J&C was contacted by Defendant Fejeran regarding three pieces of heavy equipment on his property in Mangilao. (Aff. Joseph


ORIGINAL

Camacho, 1, Feb. 28, 2014). Joseph Camacho, an employee of Defendant J&C, saw the three pieces of heavy equipment in the jungle near the Japanese School on the back road to Anderson. *Id.* at 2. They appeared to have been abandoned in the eyes of Mr. Camacho. *Id.* Plaintiff's property in Mangilao is on the back road to Anderson and near the Japanese School. (Decl. Marlene Slomka in Support of Reply, 1, Mar. 14, 2014). On or about August 25, 2012, Marlene Slomka, President and majority shareholder of Plaintiff, was informed that certain heavy equipment was stolen from Plaintiff's property in Mangilao, and she later discovered that a dump truck, a backhoe, and a salvageable dump truck had been stolen from Plaintiff's property. *Id.* at 1-2. On or about September 26, 2012, Defendant Kwon allegedly admitted that the vehicles that were towed to his lot from Mangilao did not belong to him or Defendant J&C. *Id.* at 2. To substantiate its claim of ownership over the dump truck and backhoe, Plaintiff has provided the Court with a certificate of ownership and motor vehicle registration for the following vehicles: (1) 1986 Diamond Reo Dump Truck, License No. Z345TBG, Vehicle Identification No. 1D9ACZ181G1009870; and (2) 2008 Caterpillar Backhoe, License No. Z1845EQ, Vehicle Identification No. CAT2416ICEHAC5411.[1] (Decl. Marlene Slomka in Support of Motion, Exhibits 1-3, Jan. 31, 2014).

Viewing the above evidence and drawing inferences in the light most favorable to the nonmovants, Defendants J&C and Kwon, the Court finds that Plaintiff has not met its burden to show that there are no genuine issues of material fact as to the ownership of the dump truck and backhoe. *Iizuka*, 1997 Guam 10 ¶ 8. Plaintiff has presented evidence showing that it owns a dump truck and backhoe, which were stolen from its property in Mangilao. (Decl. Marlene Slomka in Support of Motion, Exhibits 1-3, Jan. 31, 2014). Furthermore, Defendants have conceded that a dump truck and backhoe were towed from Mangilao to Defendant J&C's lot and they remain there today. (Aff. Joseph Camacho, 1, Feb. 28, 2014). Although one may surmise that the vehicles that were taken from Plaintiff's property are the same vehicles that Defendant J&C had towed to its lot, this interpretation requires an inferential step – namely, the

---

[1] The License Numbers and Vehicle Identification Numbers were difficult to ascertain from Exhibits 1-3 of the Declaration of Marlene Slomka and the numbers listed are the Court's interpretation from the exhibits.



identical identities of the vehicles allegedly stolen and the vehicles towed. Plaintiff fails to offer evidence that the vehicles in possession of Defendants J&C and Kwon were specifically towed from Plaintiff's property, rather than simply from somewhere in the village of Mangilao.

An owner under the Guam Vehicle Code is a "person with all rights in the automobile, in which case he holds both the registration card and the certificate of ownership." *Mobley*, 323 F.2d at 216. A registration card and certificate of ownership are issued upon registering a vehicle. 16 GCA § 7115 (2013). The Court is unable to grant summary judgment in favor of Plaintiff with respect to ownership of the dump truck and backhoe in question without a sufficient showing that the registration cards and certificates of ownership presented by Plaintiff belong to the vehicles on Defendant J&C's lot. Without this nexus, there remains a factual dispute requiring resolution by a fact-finder as to the ownership of the dump truck and backhoe. *Iizuka*, 1997 Guam 10 ¶ 7. Plaintiff argues that "Defendants do not present any evidence that Plaintiffs do not own the vehicles in question." (Reply to Opp'n. Mot., 4, Mar. 14, 2014). However, this statement misapprehends where the onus lies. As movant, Plaintiff failed to show any evidence, such that might be derived from discovery efforts, to indicate the Vehicle Identification Numbers of the vehicles in the possession of Defendants J&C and Kwon, and that those numbers match those found on Plaintiff's ownership documents.

For these reasons, Plaintiff's motion for partial summary judgment is denied.

///

///

///

ORIGINAL

## CONCLUSION

Based upon the foregoing, Plaintiff Asia Tiger, Inc.'s motion for partial summary judgment is hereby DENIED.

The Court will issue a new scheduling order in writing, setting the matter back on for trial.

**SO ORDERED** this ___17TH___ day of June, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL